**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0481n.06

Nos. 09-2590/10-1646

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*May 08, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ANTHONY G. HUNT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| STATE OF MICHIGAN; JOHN DOE, | ) | COURT FOR THE EASTERN |
| unknown defendants of City of Detroit, State | ) | DISTRICT OF MICHIGAN |
| of Michigan, and Wayne County, in their | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: SUTTON, McKEAGUE, and RIPPLE,[*] Circuit Judges.

PER CURIAM. Anthony G. Hunt, a Michigan state prisoner, appeals a district court order dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983, and a district court order denying his post-judgment motions. The appeals have been consolidated.

In 1999, a jury convicted Hunt of first-degree criminal sexual conduct, three counts of assault, and possession of a firearm during the commission of a felony. He was sentenced to 22 to 52 years of imprisonment. His conviction was upheld on direct appeal in the state courts, and his petition for a writ of habeas corpus was denied. In 2009, Hunt filed this civil rights complaint under 42 U.S.C. § 1983, alleging that his arrest without a warrant was unlawful, his conviction was illegal

---

[*]The Honorable Kenneth F. Ripple, Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

due to his diminished capacity, and the state withheld the results of a competency evaluation. He sought monetary relief as well as his release from imprisonment. The district court sua sponte dismissed the complaint upon initial review for failure to state a claim, because Hunt's claims were barred by the holding of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Hunt's subsequent motions to reconsider and amend his complaint were denied.

On appeal, appointed counsel argues that the district court erred in dismissing a potential claim that an illegal search caused Hunt compensable injury, citing *Heck*, 512 U.S. at 487 n.7.

Upon de novo review, *see Grinter v. Knight*, 532 F.3d 567, 571–72 (6th Cir. 2008), we conclude that this complaint was properly dismissed. Under *Heck*, a civil rights action for damages that would imply the invalidity of a conviction may not be brought until the subject conviction has been overturned. Although counsel argues that a claim that an illegal search caused Hunt compensable injury would not necessarily imply the invalidity of his conviction, and therefore would not be barred by the doctrine in *Heck*, review of the complaint in this case reveals no such claim. Hunt did raise a claim that his arrest without a warrant was unlawful, but that same claim was rejected on direct appeal in the state court because the court found that Hunt consented to the police entering his home. *People v. Hunt*, No. 223459, 2002 WL 31938728, at *3 (Mich. Ct. App. Nov. 22, 2002) (per curiam). Furthermore, it appears from the record of Hunt's habeas corpus proceeding that the evidence seized in the search was a weapon and a female undergarment. *Hunt v. Wolfenbarger*, No. 04-10046, 2007 WL 2421551, at *2 (E.D. Mich. Sept. 24, 2007). Therefore, the only conceivable injury from the seizure of this evidence would be Hunt's conviction, which counsel admits cannot be the basis of a damages claim under *Heck*.

But even if we were to agree with Hunt that some of his search-and-seizure claims are not barred by *Heck*, dismissal of his complaint was still proper because those claims are time-barred. The search and arrest about which Hunt complains occurred in October 1998, but Hunt did not file his complaint until November 2009, well beyond the three-year statute of limitations that applies to § 1983 claims in Michigan.  *See Wolfe v. Perry*, 412 F.3d 707, 713–14 (6th Cir. 2005).  To the extent his claims are not barred by *Heck*, they do not benefit from the rule that a claim so barred does not accrue until the state conviction has been overturned.  *Heck*, 512 U.S. at 489–90; *see Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 641 (6th Cir. 2007).  Because Hunt's claims are either *Heck*-barred or time-barred, the district court properly dismissed his complaint.

Accordingly, the district court's dismissal of this complaint and denial of his motions for reconsideration and to amend his complaint are affirmed.